LEE, C.J., for the Court:
¶ 1. The motion for rehearing is granted. The previous opinion of this Court is withdrawn, and this opinion is substituted in lieu thereof. We reverse and remand for further proceedings consistent with this opinion.
¶ 2. Jeffrey Dale Beecham was convicted in the Circuit Court of DeSoto County of driving under the influence (DUI), causing death. He was sentenced as a habitual offender, under Mississippi Code Annotated section 99-19-81 (Rev.2007), to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC). Aggrieved, he appeals both the conviction and sentence. We find that the circuit court’s decision to admit a certified copy of the victim’s death certificate to show the cause of death, without sponsoring testimony by the person who prepared the death certificate, was error necessitating that the conviction be reversed and the case remanded for further proceedings consistent with this opinion.
FACTS
¶ 3. On March 27, 2007, Beecham was driving a pickup truck while intoxicated. The victim, Freda Lovelace, who was seventy-seven years old, was struck broadside by Beecham’s pickup truck. She was trapped inside her vehicle until emergency personnel arrived and transported her to a hospital, where she died approximately six weeks later. The jury heard testimony from paramedics and police officers at the scene that Beecham was disoriented, resisted being transported to a hospital, and smelled of alcohol. His blood-alcohol content was 0.26%, well above the legal limit of 0.08%. Beecham gave a statement in which he said Lovelace drove into an intersection, and he did not have time to stop his truck. However, an accident-reconstruction expert testified that Beecham was traveling between twelve to fifteen miles per hour over the posted speed limit, and he made no attempt to brake before his pickup truck impacted Lovelace’s vehicle.
¶ 4. During the first day of trial, a certified copy of Lovelace’s death certificate was introduced without a sponsoring witness, over the defense’s objection, to show *404 that the cause of death was “complications of blunt[-]foree injuries to [the] head and chest.” The record shows that when the defense raised its contemporaneous objection to the death certificate’s admission, there was a bench conference which was not recorded. At the end of the trial’s first day, the trial judge said, “I note that we had a conference at the bench, and I know we had one earlier regarding the death certificate. As I indicated, we’ll take that up on the record in the morning.” At the commencement of the trial’s second day, defense counsel stated:
I have no problem with the death certificate. We do not deny that, unfortunately, the lady passed away. The problem I have with the death certificate states a cause of death ... blunt[-]force trauma. Which, in essence, proves that element of the State’s case .... [i]t denies my client’s right to confrontation. This is a case, as Your Honor knows, that the victim did not — she did not die at the scene_ It was some, I think, fifty-three days later, and I think that further goes to my argument that — that—basically, [the District Attorney is] able to prove one element of his case through a document that I have no — no way of cross-examining a doctor to show that there potentially could have been other causes of the death.
The death certificate actually listed as cause of death “[c]omplications of blunt[-]force injuries to head and chest.” The death certificate also indicated the injuries were sustained in an automobile accident at the same time and place as witnesses testified to at trial. It was signed by Miguel A. Laboy, M.D., who is listed as either a physician or medical examiner.
DISCUSSION
¶ 5. Objections based upon the Confrontation Clause to the admission of evidence are subject to de novo review. Smith v. State, 986 So.2d 290, 296 (¶ 18) (Miss.2008). The Sixth Amendment to the United States Constitution provides that “[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.” U.S. Const. amend. VI. See also Crawford v. Washington, 541 U.S. 36, 51, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
¶ 6. In its brief before this Court, the State states that the issue of whether the death certificate was properly admitted is controlled by Crawford and its progeny. The State concedes that the issue of whether the death certificate could be admitted without sponsoring testimony to prove an element of the crime charged “caused us some concern.” However, the State goes on to argue that the Mississippi Supreme Court’s decision in Birkhead v. State, 57 So.3d 1223 (Miss.2011), which was decided while the present appeal was pending, resolved the matter by holding that the Confrontation Clause is not implicated. We disagree. While Birkhead did involve the admissibility of a death certificate in a criminal case, its similarity to this case ends there, and it is neither legally nor factually analogous to the case before us. In Birkhead, the pathologist who prepared the death certificate testified and was subject to cross-examination. Id. at 1236 (¶ 44).
¶ 7. In this case, the absence at trial of the person who prepared the death certificate is the central issue. Furthermore, in Birkhead the information in the death certificate that the defendant objected to was not an element of the crime charged; rather, the death certificate recorded statements as to the time of the victim’s injury and death, which presumably Dr. Steven Hayne, who prepared the death certificate, obtained from one of two police officers. *405 For reasons not apparent in the opinion, Dr. Hayne included the time of death on the death certificate. Id. In this case, the defense objected to the statement on the death certificate that the cause of death was complications of blunt-force injuries to head and chest sustained in a automobile accident in Horn Lake, Mississippi, on March 27, 2007. Thus, in Birkhead, the information in the death certificate did not establish any element of the crime charged, while in this case, the only medical evidence tending to show that Lovelace died as a result of the automobile accident was the death certificate.
¶8. In Crawford, the Supreme Court held that when hearsay is characterized as nontestimonial, it may be introduced in a criminal trial, but when hearsay is characterized as testimonial, the Confrontation Clause bars the introduction of hearsay. Crawford, 541 U.S. at 68, 124 S.Ct. 1354. The Supreme Court expanded on the distinctions between nontestimonial and testimonial hearsay in Davis v. Washington, 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), stating:
Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.
The Supreme Court has consistently found that information gathered by the police when they are engaged in actively protecting the well-being of a citizen is nontesti-monial and not subject to the Confrontation Clause. Michigan v. Bryant, — U.S. —, 131 S.Ct. 1143, 1160, 179 L.Ed.2d 93 (2011); Davis, 547 U.S. at 822, 126 S.Ct. 2266. In Bryant, the Supreme Court focused on whether the information gathered in an investigation was gathered in the initial stages, when it was more likely to be found nontestimonial, rather than in latter, “formal,” stages, where it was more likely to be found testimonial. Bryant, 131 S.Ct. at 1160.
¶ 9. The Mississippi Supreme Court’s reasoning in Birkhead is consistent with that of the Supreme Court concerning information gathered by the police in responding to calls for assistance. In Birk-head, the issue went to the time of the victim’s injury and death, which were recorded on the death certificate. Birkhead, 57 So.3d at 1236 (¶ 44). It was not entirely clear how these exact times were ascertained. However, it was clear that: the recorded time of injury was the exact time one police officer either received or responded to a report that a crime was in progress; the recorded time of death was approximately the same as when the victim was pronounced dead at a hospital; and at least one police officer was present at the hospital and in radio contact with another police officer still at the scene of the crime. Id. at 1227-28 (¶ 14).
¶ 10. That situation is in contrast to the case before this Court. Here, the information Beecham objected to was the cause of death, which was not determined until nearly six weeks after the automobile accident. At the time the death certificate was prepared, Beecham had already been indicted for driving under the influence. After Lovelace died and the death certificate was prepared, the indictment was amended. While the issue is not directly before us, we note that the death certificate in this case listed the date of injury and location at which it was sustained. It is most probable that the person who pre *406 pared the death certifícate was not present at this location on this date. However, this information is more analogous to the information contained in Birkhead and found to be nontestimonial — rthat is, when the police were responding to an emergency in progress. Conversely, the determination and official recording of the exact cause of death, which is the issue in the present case, is a formal undertaking that is not an action done in order to protect the public in an ongoing crime. In sum, we find that in Birkhead the Mississippi Supreme Court did not hold as a matter of precedent that a death certificate is admissible without sponsoring evidence to prove an element of a crime charged over a defendant’s objection based upon the Confrontation Clause.
¶ 11. The State additionally contends in its brief before this Court that the death certificate was admissible as a hearsay exception under the vital-records exception in Mississippi Rule of Evidence 808(9). However, under Crawford, any record or report made “under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial” must be subjected to cross-examination to be admissible at trial. Melendez-Diaz v. Massachusetts, 557 U.S. 305, 129 S.Ct. 2527, 2532, 174 L.Ed.2d 314 (2009) (citing Crawford, 541 U.S. at 52, 124 S.Ct. 1354). The Supreme Court further explained the relationship between hearsay exceptions and the Confrontation Clause, stating:
Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because — having been created for the administration of an entity’s affairs and not for the purpose of establishing or proving some fact at trial — they are not testimonial.
Melendez-Diaz, 129 S.Ct. at 2539-40.
¶ 12. According to United States Department of Transportation, “[i]n 2009,10,-839 people were killed in alcohol-impaired-driving crashes. These alcohol-impaired-driving fatalities accounted for 32 percent of the total motor vehicle traffic fatalities in the United States.” Nat’l Highway Traffic Safety Admin., U.S. Dep’t of Transp., Alcohol-Impaired Driving (2009). The basic test of what hearsay is considered to be testimonial and subject to the Confrontation Clause is if the statement or record is made “under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.” Melendez-Diaz, 129 S.Ct. at 2532. The physician who signed Lovelace’s death certificate knew Lovelace’s injuries stemmed from an automobile accident because this information was on the death certificate itself. When nearly a third of all traffic fatalities involve driving under the influence, any objective witness preparing a death certificate in a traffic death should reasonably expect a criminal prosecution could ensue. Therefore, we find that the death certificate’s statement as to the cause of death was testimonial in nature and subject to the Confrontation Clause.[1]
¶ 13. The Supreme Court has been unambiguous: “[cjonfrontation is designed to weed out not only the fraudulent analyst, but the incompetent one as well.” Id. at 2537. We do not presume that the physician who prepared Lovelace’s death certificate was incompetent to state with medical *407 certainty that whatever “complications” ultimately resulted in her death stemmed from the automobile accident. Therefore, we reverse and remand this case for further proceedings consistent with this opinion.
¶ 14. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND RUSSELL, JJ., CONCUR. MAXWELL, J., CONCURS IN RESULT ONLY.

. Our opinion considers only the admissibility of death certificates in the context of criminal prosecutions subject to the Confrontation Clause. We make no comment upon the use of death certificates in other cases involving civil matters, see, e.g., Laurel Yamaha, Inc. v. Freeman, 956 So.2d 897, 902 (¶ 15) (Miss.2007).